**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CR-82 RLW |
| ) | |
| NELSON OYUELA-NUNEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Nelson Oyuela-Nunez's Motion to Dismiss the indictment with prejudice (ECF No. 90), and the United States' Motion to Dismiss Counts 1 and 3 as to Defendant Nelson Oyuela-Nunez From the Indictment (ECF No. 100). All pretrial motions were referred to United States Magistrate Judge John M. Bodenhausen. For the following reasons, the Court will adopt the Report and Recommendation of United States Magistrate Judge, deny Defendant's motion to dismiss the indictment with prejudice, and grant the United States' motion to dismiss Counts 1 and 3 of the indictment without prejudice.

**I. Factual and Procedural Background**

The Court adopts the Magistrate Judge's recitation of the procedural history and factual background of this case as set forth in the Report and Recommendation, as it is thorough, accurate, and Defendant makes no objection to it. In summary, Defendant is one of four people charged in a three-count indictment alleging drug trafficking offenses. Defendant is charged in Count I (conspiracy in violation of 21 U.S.C. § 846) and Count III (distributing fentanyl in violation of 21 U.S.C. § 841).

After Defendant was arrested, United States Magistrate Judge Shirley P. Mensah conducted a bond hearing, overruled the United States' motion to have Defendant detained pending trial, and ordered him released on conditions. Before Defendant was released, however, the Immigration and Customs Enforcement ("ICE") agency took him into custody for removal from the country.

After learning of this fact, Assistant United States Attorney Ricardo Dixon filed a motion to revoke Defendant's bond in order to ensure Defendant's presence for trial. The parties agree there is no basis in the record to find that Mr. Dixon or anyone else from the U.S. Attorney's Office for the Eastern District of Missouri requested the ICE detainer, although an ICE official stated they "believed someone within the DA's office" requested the detainer, but did not ask for the person's name. (ECF No. 55 at 3-4.)

Mr. Dixon sought and obtained two Writs of Habeas Corpus ad Prosequendum (ECF Nos. 46, 49) to secure Defendant's presence for the bond revocation hearing but Defendant was not produced. Judge Mensah ultimately denied the motion to revoke Defendant's bond on the basis that the United States failed to satisfy the requirements for bond revocation, see 18 U.S.C. § 3148, because Defendant was never released and had no opportunity to violate any of his release conditions.

Despite this Court's release order, Defendant remained in ICE custody and was removed from the United States on June 1, 2023. Defendant filed the motion to dismiss the indictment with prejudice on October 9, 2023, and the United States filed its motion to dismiss without prejudice on November 6, 2023.

## II. Legal Standard

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See United States v. Lothridge, 324 F.3d 599, 600 (8th Cir .2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the entire Report and Recommendation. The Court has carefully and independently reviewed the full record including by reading the briefing on the parties' Motions to Dismiss, listening to the recording of the oral argument before Judge Bodenhausen held November 22, 2023, and reviewing Defendant's Objection and the Government's Response. Further, the Court has independently researched the controlling law.

## III. Discussion

Defendant's Motion to Dismiss asserts that the indictment against him should be dismissed with prejudice because the Executive Branch's action in removing him from the United States represents a choice to deport rather than prosecute him. Defendant contends the removal under these circumstances is grossly shocking and outrageous governmental misconduct, such that continuation of prosecution would result in a due process violation and violate "the universal sense of justice." For support, Defendant cites district court case authority from various jurisdictions, primarily United States v. Villatoro-Ventura, 330 F.Supp.3d 1118 (N.D. Iowa 2018). Defendant contends that dismissal with prejudice is required because a dismissal without prejudice would allow the United States to proceed in similar cases without making a choice between removal and prosecution.

The United States contends that Counts I and III of the indictment should be dismissed without prejudice. The government emphasizes its efforts to have Defendant detained pending

3

trial, and contends Defendant has not shown any calculated or outrageous government misconduct.

Judge Bodenhausen carefully considered the parties' arguments in the framework of Eighth Circuit case law establishing principles concerning outrageous government conduct. See United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999); United States v. Bugh, 701 F.3d 888, 894 (8th Cir. 2012). Whether particular government conduct is sufficiently outrageous to shock the conscience and violate due process is a question of law. United States v. Boone, 437 F.3d 829, 841 (8th Cir. 2006) (cited cases omitted). Judge Bodenhausen concluded that Defendant did not show the United States engaged in the sort of outrageous or intolerable conduct that would shock the Court's conscience, or that any outrageous nonfeasance by the U.S. Attorney's Office that would justify dismissing the indictment with prejudice. Finally, Judge Bodenhausen concluded that Defendant did not show any meaningful prejudice resulting to him in this case from his removal.

In the Objections, Defendant first argues that the Magistrate Judge's analysis erred by concluding the government actions at issue were not outrageous or conscience-shocking. The Court has considered Defendant's contention and his supporting policy arguments that "outrageousness must be viewed objectively with an eye toward public policy and the possible issues that could result if the Executive Branch is permitted to continue operating as it does." (ECF No. 113 at 9.) This Court disagrees after de novo consideration of the issue. As a matter of law, the actions in case do not "fall[] within the narrow band of the most intolerable government conduct" requiring dismissal of a charge, Bugh, 701 F.3d at 894, or violate "that fundamental fairness, shocking the universal sense of justice, mandated by the Due Process Clause of the

Fifth Amendment." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation marks omitted).

Defendant also objects to the Magistrate Judge's conclusion that he has not shown any meaningful prejudice from dismissal of the indictment without prejudice. He argues the "prejudice to Defendant must be specific to him and consider scenarios that could arise from a dismissal without prejudice." (ECF No. 113 at 9.) Defendant contends it would be conscience shocking and he would be enormously prejudiced if the charges against him were to be refiled under the reasonable scenario of a future presidential administration with a focus on prosecution of drug crimes. (Id. at 3.) Defendant asserts he would "have a difficult time traveling in Honduras" and "likely would be stopped and, at the very least, held as he traveled outside the United States all without any finding of guilt and without the ability to confront his accusers, again through no fault of his own." (Id. at 4.) Defendant posits a hypothetical scenario in which he hires an immigration attorney and seeks to return to the United States legally. Defendant asserts that if he succeeds and the request to return is granted ten years later, the government could refile this matter and could then argue the Sixth Amendment and Speedy Trial Act would not bar Defendant's prosecution on these charges because there had been no way to bring him to trial sooner.

Defendant cites no legal authority to support his arguments that the Court must consider hypothetical scenarios that may or may not arise from a dismissal without prejudice, and the Court does not believe such an analysis is required or appropriate.

**IV. Conclusion**

For the foregoing reasons, Defendant's objections are overruled. The Court will adopt the Magistrate Judge's well-reasoned Report and Recommendation, deny Defendant's motion to

5

dismiss the indictment with prejudice, and grant the United States' motion to dismiss Counts I and III without prejudice.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge dated December 18, 2023, is **sustained, adopted** and **incorporated** herein. (ECF No. 106)

**IT IS FURTHER ORDERED** that Defendant Nelson Oyuela-Nunez's Motion to Dismiss the indictment with prejudice (ECF No. 90) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss Counts 1 and 3 as to Defendant Nelson Oyuela-Nunez From the Indictment (ECF No. 100) is **GRANTED**.

A separate Order of Dismissal Without Prejudice will accompany this Memorandum and Order.

*[Signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of March, 2024.